# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-0562V
(not to be published)

CYNTHIA D. BRUNO,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: September 26, 2022

Special Processing Unit (SPU);
Attorney's Fees and Costs;
Administrative Time

*Richard H. Moeller, Moore, Heffernan, et al.,* Sioux City, IA, for Petitioner.

*Kyle Edward Pozza,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Cynthia D. Bruno filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza vaccine on October 7, 2019, and thereafter suffered from a left-sided shoulder injury related to vaccine administration. Petition at 1-2. On July 26, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 29.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 27, 2022, (ECF No. 33), requesting a total award of $16,637.76 (representing $15,586.60 in fees and $1,051.16 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she not incurred no out-of-pocket expenses. ECF No. 33-4. Respondent reacted to the motion on July 28, 2022, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring calculation of the amount to be awarded to my discretion. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

A.  <u>Hourly Rates</u>

For attorney Richard Moeller, Petitioner requests the following rates: $341 per hour for time billed in 2020; $363 per hour for time billed in 2021; and $379 per hour for time billed in 2022. (ECF No. 33-1 at 2-11). These rates have been previously reviewed in other cases and deemed appropriate for Mr. Moeller, and I shall therefore utilize them as well.

B.  <u>Administrative Time</u>

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A over 2 hours was billed on tasks considered administrative including, receiving faxes and paying invoices. Examples of the tasks include:

- August 10, 2020 (0.101 hrs) "Receive and review prepayment letter and invoice of $141.78 from North Kansas City Hospital and give to MK to handle";

- August 11, 2020 (0.10 hrs) Receive invoice for medical records from Dr Cramer's office for $71.25"; and

- September 16, 2020 (0.30 hrs) "Receive medical records from Encompass Medical Group; check for certification and save them as an exhibit pay the invoice of $47.06 online"

(ECF No. 33-1 at 3 -4).

Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees to be awarded by **$207.00**.[3]

---

[3] This amount consists of ($95 x 1.6 hrs = $152) + ($110.x .50 hrs = $352) = $207.00.

**ATTORNEY COSTS**

Petitioner is requesting $1,051.16 in overall costs, including but not limited to medical records, shipping, and the Court's filing fee. ECF No. 33-2 at 2. I have reviewed all the requested costs and find them to be reasonable, I award the requested amount in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$16,430.76** (representing $15,379.60 in fees and $1,051.16 in costs) as a lump sum in the form of a check jointly payable to Petitioner and **Moore, Corbett, Heffernan, Moeller & Meis, L.L.P.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.